IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRUESIGHT COMMUNICATIONS LLC, | Case No. 2:25-cv-00 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Truesight Communications LLC ("Truesight" or "Plaintiff") for its Complaint against Defendants Samsung Electronics Co., Ltd. ("Samsung Electronics") and Samsung Electronics America, Inc. ("Samsung Electronics America") (collectively "Samsung" or "Defendants") for patent infringement alleges as follows:

**THE PARTIES**

1. Truesight is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 209 East Austin Street, Marshall, Texas 75670.

2. Defendant Samsung Electronics is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business at 129 Samsung-Ro, Yeongtong-Gu, Suwon-Si, Gyeonggi-Do, 443-742, Republic of Korea.  Samsung is a leading manufacturer and seller of smartphones, tablets, and smart televisions in the world and in the United States. Upon information and belief, Samsung Electronics does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of

infringement, to customers and potential customers located in Texas, including in the Judicial District of the Eastern District of Texas.

3. Defendant Samsung Electronics America is a corporation organized under the laws of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Upon information and belief, Samsung Electronics America has corporate offices in the Eastern District of Texas at 1303 East Lookout Drive, Richardson, Texas 75082 and 2800 Technology Drive, Suite 200, Plano, Texas 75074.  Samsung Electronics America has publicly indicated that in early 2019, it would be centralizing multiple offices in a new location in the Eastern District of Texas at the Legacy Central office campus, located at 6225 Declaration Drive, Plano, Texas 75023.  Samsung Electronics America may be served with process in Texas through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has specific and personal jurisdiction over each of the Defendants consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute.  Upon information and belief, each Defendant has sufficient minimum contacts with the forum because each Defendant transacts substantial business in the State of Texas and in this Judicial District.  Further, each Defendant has, directly or through subsidiaries or intermediaries, committed and continues to commit acts of patent infringement in

the State of Texas and in this Judicial District as alleged in this First Amended Complaint, as alleged more particularly below.

6.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because each Defendant is subject to personal jurisdiction in this Judicial District, has committed acts of patent infringement in this Judicial District, and is either a foreign company or has a regular and established place of business in this Judicial District.  Venue is proper in this Judicial District as to Samsung Electronics, specifically, pursuant to 28 U.S.C. § 1391 because, among other things, Samsung Electronics is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).  Each Defendant, through its own acts and/or through the acts of each other Defendant, makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with this Judicial District, such that this venue is a fair and reasonable one.  Further, upon information and belief, the Defendants have admitted or not contested proper venue in this Judicial District in other patent infringement actions.

## PATENT-IN-SUIT

7.     On March 10, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,977,783 (the "'783 Patent") entitled "High-Speed Secure Content Transfer to SD Card from Kiosk".  A true and correct copy of the '783 Patent is attached hereto as Exhibit A.

8.     Truesight is the sole and exclusive owner of all right, title, and interest in the '783 Patent (the "Patent-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit.  Truesight also has the right to recover all damages for past, present, and future infringement of the Patent-

in-Suit and to seek injunctive relief as appropriate under the law.

9. Truesight has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patent-in-Suit. Upon information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287. Alternatively, upon information and belief, no patented articles have ever been produced requiring marking.

## FACTUAL ALLEGATIONS

10. The '783 Patent relates to methods and apparatuses for quickly and securely transferring media files to secure storage devices, or equivalent thereof, from a media device, such as mobile phones, tablets, computers, and other devices. The technology described in the '783 Patent was developed by Joseph Zipperer, Mark P. Hahn, and Daniel P. Zipperer. For example, the technology is implemented in infringing mobile phones, tablets, computers, including, but not limited to, Samsung Galaxy S series smartphones (e.g., Galaxy S9 / S9+, Galaxy S10 / S10+, S10e, S10 5G, Galaxy S20 / S20+, S20 Ultra, S20 FE, Galaxy S21 / S21+, S21 Ultra, S21 FE, Galaxy S22 / S22+, S22 Ultra, Galaxy S23 / S23+, S23 Ultra, Galaxy S24 / S24+, S24 Ultra, Galaxy S25 / S25+, S25 Ultra, S25 Edge), Samsung Galaxy Note series (e.g., Galaxy Note9), Samsung Galaxy Z foldables (e.g., Galaxy Fold / Fold 5G, Z Fold2 5G, Z Fold3 5G, Z Fold4 5G, Z Fold5 5G, Z Fold6 5G, Z Fold7), Samsung Galaxy A series (e.g., A8 / A8+, A9, A51 / A71, A52 / A53, A72, A33 / A34 / A53 / A54, A06, A16, A26, A36, A56), Samsung Tab S series (e.g., Tab S4, Tab S5e, Tab S6, Tab S6 Lite, Tab S7 / S7+, Tab S7 FE, Tab S8 / S8+ / S8 Ultra, Tab S9 / S9+ / S9 Ultra / S9 FE / S9 FE+, Tab S6 Lite (2024), Tab S10+, Tab S10 Ultra, Tab S10 FE / FE+, Samsung Galaxy Tab A / A7 / A8 (e.g., Tab A 8.0, Tab A 10.5, Tab A 10.1′, A 8.0, Tab A 8.4, A7 10.4, Tab A7 Lite, Tab A8, Tab A9 8.7 & A9+ 11), Samsung Galaxy Tab Active series (e.g., Tab Active Pro, Tab Active3, Tab Active4 Pro, Tab Active5), Samsung Galaxy Book Family (e.g., Galaxy Book,

Galaxy Book 2, Galaxy Book 3 / Pro / Pro 360 / Odyssey, Galaxy Book 4 Ultra / Pro / Pro 360 / Edge, Galaxy Book 5 / Book 5 Pro / Book 5 Pro 360, Galaxy Book S, Galaxy Book Ion, Galaxy Book Flex / Flex α / Flex 2 / Flex2 α, Galaxy Book Odyssey, Galaxy Book Go / Go 5G, Samsung Chromebook 3 / 4 / 4+ / 15 / Plus V2), among other products (the "Accused Products").

11. Samsung has infringed and is continuing to infringe the Patent-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products including, but not limited, infringing mobile phones, tablets, computers.

## COUNT I
### (Infringement of the '783 Patent)

12. Paragraphs 1 through 11 are incorporated by reference as if fully set forth herein.

13. Truesight has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '783 Patent.

14. Defendants have and continue to directly and indirectly infringe the '783 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '783 Patent. Such infringing products include Samsung infringing mobile phones, tablets, computers, including, but not limited to, the Samsung Galaxy S25 Ultra, among other Samsung products.

15. For example, Defendants have and continue to directly and indirectly infringe at least claim 12 of the '783 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include the Samsung Galaxy S25 Ultra, among other Samsung products. The Samsung Galaxy S25 Ultra is exemplary and representative of the Accused Products. Each of the Accused Products meets at least claim 12 by comprising: A non-transitory

5

computer readable storage medium storing instructions thereon, the instructions when executed cause at least one processor to: identify a media file for download to an SD card; pre-allocate space on the SD card for a playable content portion of the media file, wherein the playable content portion of the media file is encrypted by a content key that is encrypted by a user key; write all directory blocks together of the playable content portion of the media file and, thereafter in time, write all data blocks sequentially of the playable content portion of the media file; and write all data that is to be written to an unsecure area of the SD card, including the encrypted playable content, prior in time to writing any data to a secure area of the SD card, except for the user key.

16. The Samsung Galaxy S25 Ultra comprises non-transitory computer readable storage medium storing instructions thereon, the instructions when executed cause at least one processor (e.g., the Snapdragon 8 Elite) to identify a media file (e.g., movies and television shows) for download to an SD card (e.g., the Samsung Galaxy S25 Ultra's UFS 4.0 flash storage).

17. The Samsung Galaxy S25 Ultra identifies a media file (e.g., movies and television shows) for download to an SD Card (e.g., the Samsung Galaxy S25 Ultra's implementation of a UFS 4.0 flash storage). For example, the Samsung Galaxy S25 Ultra identifies a media file such as visual content, music content, and/or audiovisual content for download to Samsung's SD card implementation through operation with Samsung TV Plus[1], Samsung Music[2], and Samsung Free[3] applications, as well as YouTube, Google TV, Netflix, and Amazon Prime Video.

---

[1] https://www.samsung.com/us/tvs/smart-tv/samsung-tv-plus/
[2] https://www.samsung.com/ie/support/mobile-devices/samsung-music-app/
[3] https://www.samsung.com/au/apps/samsung-free/#:~:text=and%20OS%20version.-,WATCH,simply%20relax%20and%20tune%20in



---

[4] https://help.netflix.com/en/node/54816
[5] https://www.amazon.com/gp/help/customer/display.html?nodeId=GTDVUQFMY3GTZVX7



---

[6] https://support.google.com/youtube/answer/11977233?hl=en&co=GENIE.Platform%3DAndroid#zippy=%2Cdownload-videos-to-watch-offline

![Download videos instructions screenshot][7]

Upon information and belief, at least Netflix, YouTube, and Google TV come preinstalled on Samsung devices.



---

[7] https://support.google.com/googletv/answer/11621171?hl=en



8

9

18. The Samsung Galaxy S25 Ultra identifies pre-allocate space (e.g., through fallocate) on the SD card (e.g., the Samsung Galaxy S25 Ultra's implementation of UFS 4.0 flash storage) for a playable content portion of the media file, wherein the playable content portion of the media file is encrypted by a content key (e.g., a per-title symmetric key that encrypts the media) that is encrypted by a user key (e.g., user-bound identifiers and/or device-specific keys working

---

[8] *See 7 preloaded Samsung Galaxy apps I can't live without*, available at: https://www.pocket-lint.com/preloaded-samsung-galaxy-apps-i-cant-live-without/

[9] https://support.google.com/googleplay/answer/10066945?hl=en&ref_topic=1257640&sjid=1471991021110619119-NA

with Content Decryption Module (CDM)).

[10]

19.     For example, encryption and/or decryption are implemented on the Accused Products through at least the Widevine, PlayReady, Verimatrix[11], and BuyDRM[12] DRM Technologies (individually and/or collectively "DRM").

---

[10] https://man7.org/linux/man-pages/man1/fallocate.1.html#:~:text=fallocate%20is%20used%20to%20manipulate,success%20and%201%20on%20failure

[11] https://developer.samsung.com/smarttv/develop/faq/multimedia-drm.html

[12] https://buydrm.com/it/buydrm-to-provide-keyos-multi-drm-platform-for-free-ad-supported-streaming-platform-samsung-tv-plus/

## Supported Platforms

The Widevine client is natively embedded into a device platform unless otherwise noted.

| Device or Platform | Supported ? |
|---|---|
| Android (Mobile, TV, Automotive) | Yes |
| Android Open Source (AOSP) | Yes |
| Apple iOS | Yes [1] |
| Apple TV (tvOS) | - |
| Chromecast (Cast) | Yes |
| Google Home and Nest devices | Yes |
| ChromeOS (Chromebook) | Yes |
| Chrome Browser (Windows, Mac OS X, Linux) | Yes |
| Chromium Browser | Yes |
| Chromium Embedded Framework (CEF) / Electron | Yes |
| Firefox Browser | Yes |
| Edge Browser | Yes |
| Opera (Browser and Embedded devices) | Yes |
| Safari Browser (Desktop) | - |
| Roku devices | Yes |
| Amazon Echo devices | Yes |
| Amazon Fire OS devices | Yes |
| Amazon Fire TV devices | Yes |
| Facebook Portal devices | Yes |
| Nintendo Switch | - |
| Sony Playstation | Yes |
| Microsoft Xbox | - |
| Smart TV and Blu-ray players (Tizen, WebOS) | Yes |

## Supported Encryption Schemes

The table below provides a mapping of encryption schemes across Widevine integrated platforms.

| Platform | cenc | cens | cbc1 | cbcs |
|---|---|---|---|---|
| Android 4.4 - 6.x (including Android TV) | Y | - | - | - |
| Android 7.x and later (including Android TV) | Y | - | - | Y |
| Chromecast (Cast) | Y | - | Y | Y |
| Google Home | Y | - | - | - |
| Smart TV and Blu-ray players | Y | - | - | Y |
| Widevine iOS | Y | - | - | Y |
| Chrome browser (desktop) and ChromeOS | Y | - | - | Y |
| Chrome browser (mobile) | Y | - | - | Y |
| Mozilla Firefox | Y | - | - | Y |
| Opera | Y | - | - | Y |
| NexPlayer SDK | Y | - | - | Y |

12



20.     The Samsung Galaxy S25 Ultra writes all directory blocks together of the playable content portion of the media file (e.g., through the F2FS (Flash-Friendly File System)) and, thereafter in time, write all data blocks sequentially of the playable content portion of the media file. For example, DRM and at least, e.g., ExoPlayer store downloaded movies in encrypted segments, such as MPEG-DASH or HLS segments (e.g., m4s, .ts, or .exo files).

---

[13] https://developers.google.com/widevine/drm/overview



Overview of how ExoPlayer Offline Download works[14]

---

[14] https://proandroiddev.com/exo-player-how-offline-downloads-works-part-v-be54f5f9af4b



[15]

21. The Samsung Galaxy S25 Ultra writes all data that is to be written to an unsecure area of the SD card (e.g., user accessible data written during download), including the encrypted playable content, prior in time to writing any data to a secure area of the SD card (e.g., TrustZone or Knox Vault after the media is downloaded), except for the user key.

22. Defendants have and continue to indirectly infringe one or more claims of the '783 Patent by knowingly and intentionally inducing others, including Samsung customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as the Accused Products.

23. Defendants, with knowledge that these products, or the use thereof, infringe the '783 Patent at least as of December 29, 2023[16], knowingly and intentionally induced, and continue

---

[15] https://developer.android.com/media/media3/exoplayer/downloading-media

[16] Truesight sued Samsung for infringement of four (4) other patents owned by Truesight. Upon information and belief, Samsung became aware of the '783 Patent no later than when Truesight filed suit against it based on diligence performed by Samsung. Alternatively, upon information and belief, Samsung became aware of the '783 Patent no later than March 15, 2024, when

to knowingly and intentionally induce, direct infringement of the '783 Patent by providing these products to end users for use in an infringing manner. Alternatively, on information and belief, Defendants' have adopted a policy of not reviewing the patents of others, and instructing their officers, agents, and employees to not review the patents of others, including specifically those related to Defendants' specific industry, with the subject belief that there was a high probability that Defendants would learn of their infringing activities, thereby remaining willfully blind to the '783 Patent at least as early as the issuance of the '783 Patent.

24. Defendants have induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '783 Patent, but while remaining willfully blind to the infringement. Defendants have and continue to induce infringement by their customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' website, product literature and packaging, and other publications. For example, on Samsung's website, customers and end-users are provided with access to user manuals for a variety of products, including the Accused Products.[17] By way of further example, these user manuals include information regarding third-party applications, such as Google TV and YouTube, and provide links to "support" for these applications.

---

Truesight filed suit against Transcend Information Inc. for infringement of the '783 Patent. *See Truesight Commc'ns LLC v. Transcend Info. Inc.*, Case No. 2:24-cv-00186, Dkt. 1, (E.D. Tex. Mar. 15, 2024).

[17] https://www.samsung.com/us/support/downloads/?model=N0002100



25. Because of Defendants' inducement, Defendants' customers and end-users use Accused Products in a way Defendants intend and directly infringe the '783 Patent. Defendants perform these affirmative acts with knowledge of the '783 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '783 Patent.

---

18 https://downloadcenter.samsung.com/content/PM/202505/20250529044147346/EB/SAM_S931_S936_S937_S938_EN_FINAL_250513/google_apps_d1e5717.html

26. Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '783 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendants' affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '783 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '783 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be specially made or adapted for use in the infringement of the '783 Patent. Defendants perform these affirmative acts with knowledge of the '783 Patent and with intent, or willful blindness, that they cause the direct infringement of the '783 Patent.

27. Truesight has suffered damages as a result of Defendants' direct and indirect infringement of the '783 Patent in an amount to be proven at trial.

28. Truesight has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '783 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

29. Defendants have committed and continue to commit acts of infringement that Defendants actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '783 Patent. Defendants' direct and indirect infringement of the '783 Patent has been and continues to be willful, intentional, deliberate, and/or in conscious disregard of rights under the patent. Plaintiff is entitled to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Truesight prays for relief against Defendants as follows:

a. Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the Patent-in-Suit;

b. Entry of judgment declaring that Defendants' infringement of the Patent-in-Suit has been willful and deliberate;

c. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patent-in-Suit;

d. An order awarding damages sufficient to compensate Truesight for Defendants' infringement of the Patent-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

e. An order awarding Plaintiff treble damages under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the Patent-in-Suit;

f. Entry of judgment declaring that this case is exceptional and awarding Truesight its costs and reasonable attorney fees under 35 U.S.C. § 285; and

g. Such other and further relief as the Court deems just and proper.

Dated: August 1, 2025                                  Respectfully submitted,

                                                                             /s/ Vincent J. Rubino, III
                                                                            Alfred R. Fabricant
                                                                            NY Bar No. 2219392
                                                                            Email: ffabricant@fabricantllp.com
                                                                            Peter Lambrianakos
                                                                            NY Bar No. 2894392

Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
51 J.F.K. Parkway
Short Hills, NJ 07078
Telephone: (973) 535-0920
Facsimile: (973) 535-0921

***ATTORNEYS FOR PLAINTIFF,
TRUESIGHT COMMUNICATIONS LLC***